IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN YOUNG, | : | NO. 2:05-cv-3697-CG |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| KENNETH KYLER, SUPERINTENDENT | : | |
| OF SCI HUNTINGDON, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF PHILADELPHIA, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

REPORT AND RECOMMENDATION

CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

Currently pending before the Court is a counseled Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. § 2254, by a prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania.  For the reasons which follow, it is recommended that the petition be dismissed as untimely.

I.   PROCEDURAL HISTORY

Following a jury trial presided over by the Honorable Jane Cutler Greenspan of the Philadelphia Court of Common Pleas, petitioner and his co-defendants, Bernard Bennett and Dwayne Brown, were convicted, in September of 1997, of murder in the first degree, attempted murder conspiracy, and possession of an instrument of crime.  Petitioner was sentenced to life imprisonment without parole on the murder charge, together with consecutive terms of 90 months

to 20 years for attempted murder, 5 to 10 years for conspiracy and 12 to 60 months for possession of an instrument of crime.

Petitioner filed a timely appeal to the Pennsylvania Superior Court claiming that the trial court erred in refusing his mistrial request following an alleged Bruton violation. The Superior Court affirmed the judgment of sentence on October 7, 1999. Commonwealth v. Young, 748 A.2d 780 (Pa. Super. 1999). On March 21, 2000, the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal.[1] Commonwealth v. Young, 753 A.2d 818 (Pa. 2000).

Subsequently, on May 22, 2001, petitioner submitted his first pro se petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, et seq., raising seven different claims: (1) ineffective assistance of appellate counsel for failure to challenge the trial court's denial of his severance motion; (2) ineffective assistance of appellate counsel for failure to challenge the admission of evidence regarding his escape from custody; (3) ineffective assistance of appellate counsel for failure to challenge the admission of the alleged hearsay testimony of Jermaine Brute; (4) ineffective assistance of trial and appellate counsel for failure to call numerous witnesses and not arguing this failure on appeal; (5) ineffective assistance of trial and appellate counsel for failure to impeach Officer Bey through a prior inconsistent statement; (6) ineffective assistance of trial and appellate counsel for failure to challenge the prosecutor's reference to religion in closing argument; and (7) ineffective assistance of trial counsel for failure to pursue a defense of diminished capacity to reduce a first degree murder charge to a third degree murder charge. The PCRA court appointed counsel, who filed a "no merit" letter pursuant to Commonwealth v. Finley,

---

[1] In his petition, petitioner claims that the Pennsylvania Supreme Court denied *allocatur* on April 19, 2000. On review of the record, it is apparent that *allocatur* was actually denied on March 21, 2000.

550 A.2d 213 (Pa. 1988). Following an independent review of the record, the PCRA court then denied the petition without an evidentiary hearing. The Superior Court affirmed, on June 19, 2003. Commonwealth v. Young, 830 A.2d 1055 (Pa. Super. 2002). On November 25, 2003, the Pennsylvania Supreme Court again denied allowance of appeal. Commonwealth v. Young, 837 A.2d 1178 (Pa. Super. 2003).

Petitioner filed a second PCRA petition on December 18, 2003.[2] Subsequently, on February 28, 2005, the PCRA court dismissed petitioner's second PCRA petition without a hearing.

On July 15, 2005, petitioner filed the instant Petition for Writ of Habeas Corpus, setting forth the following claims: (1) the trial court erred by determining that the Commonwealth's Bruton and Gray violation was harmless error; (2) trial and appellate counsel were ineffective for failing to impeach Officer Bey with prior inconsistent statements and failing to preserve that issue on appeal; (3) trial and appellate counsel were ineffective for not appealing the trial court's denial of petitioner's motion for severance; and (4) the trial court erred in failing to grant a mistrial to petitioner after Commonwealth witness Jermaine Brute offered irrelevant, inflammatory, prejudicial and hearsay testimony.

II.     TIMELINESS

Respondents assert that the entire petition is untimely and must be dismissed. Upon consideration of the record, the Court agrees.

Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April

---

[2] The parties disagree regarding the filing date for the second PCRA petition, as respondent alleges that it was not filed until December 31, 2003. Given the multitude of other mistaken dates listed in petitioner's brief, the Court is hesitant to rely on petitioner's factual history. Nonetheless, in lieu of unnecessarily delaying disposition of this matter by investigating the truth of the parties' allegations, we grant petitioner the benefit of the doubt and rely on the December 18, 2003 date.

24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[3]

28 U.S.C. § 2244 (d)(1) (1996). If direct review of a criminal conviction ended prior to the statute's effective date, then, under Third Circuit precedent, a prisoner has a one-year grace period subsequent to the effective date of April 24, 1996 to commence a habeas action. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute, however, also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Accordingly, "[w]hen a

---

[3]The statute also sets forth three other potential starting points for the running of the statute of limitations, as follows:

> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1). As the petition does not allege any facts which indicate that any of these other starting points should be used, the Court does not consider them.

postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 28 U.S.C. § 2244(d)(2)." Pace v. DiGuglielmo, __ U.S. __ 125 S. Ct. 1807, 1812, reh'g denied, 125 S. Ct. 2931 (2005) (quotations omitted); see also Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003) (if a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly-filed application" for tolling purposes).  To determine whether or not a state PCRA petition is properly filed, "'we must look to state law governing when a petition for collateral relief is properly filed' and 'defer to a state's highest court when it rules on an issue.'" Merritt, 326 F.3d at 165 (quoting Fahy v. Horn, 240 F.3d 239, 243-244 (3d Cir. 2001)). Notably, § 2244(d)(2) of the AEDPA excludes from the one-year period only the time that a properly filed collateral attack is actually under submission.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."); Shaird v. Wolf, Civ. A. No. 03-18, 2004 WL 555413, * 3 (E.D. Pa. Feb. 26, 2004) (time that lapses between final judgment of petitioner's criminal case and petitioner's filing of first PCRA counts toward petitioner's one-year time limit).

    In the case at bar, petitioner's conviction became final on June 19, 2000[4] – ninety days after the denial of *allocatur* by the Pennsylvania Supreme Court.[5]  See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the

---

[4] Petitioner mistakenly asserts that his conviction became final on July 19, 2000. Apparently, he relied on the erroneous date of April 19, 2000 as the date of the Pennsylvania Supreme Court's denial of *allocatur*.

[5] United States Supreme Court Rule 13(1) provides that a petition for writ of certiorari shall be deemed timely when filed within ninety days from the date of the judgment by the United States Court of Appeals. SUP. CT. R. 13(1).

United States Supreme Court). Accordingly, petitioner had one year from this date – until June 19, 2001 – to file a petition for writ of habeas corpus. On May 22, 2001, 337 days[6] into his one year statute of limitations, petitioner filed his first PCRA petition. The statute remained tolled until November 25, 2003, when the Pennsylvania Supreme Court denied his request for allowance of appeal.[7] The statute of limitations resumed running on that date, with approximately 28 days remaining, thereby giving petitioner until December 19, 2003 to file his federal petition. He did not do so, however, until July 15, 2005, over a year and a half too late.

Petitioner's second PCRA petition fails to provide any relief to this legal bar. The petition was explicitly deemed untimely by both the PCRA court and the Pennsylvania Superior Court, meaning that it was not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). See Pace, 125 S. Ct. at 1814. Furthermore, the Superior Court dismissed this second petition on February 28, 2005. Even giving petitioner thirty days to appeal to the Pennsylvania Supreme Court plus the remaining 28 days on his federal statute of limitations, he would have had to file his habeas petition by April 27, 2005 – a deadline he failed to meet.

One avenue of relief remains for petitioner. The statute of limitations in the AEDPA is subject to equitable tolling, which is proper only when the "principles of equity would make [the]

---

[6] Petitioner contends that the statute of limitations only ran for nine months between the time his conviction became final and the time that his first PCRA petition was filed. While we recognize that petitioner mistakenly used July 19, 2002 as the date his conviction became final, we are somewhat puzzled by petitioner's time calculations since there are more than ten months between that date and the date of his PCRA petition.

[7] In his brief, petitioner argues that the federal statute of limitations remained tolled until February 25, 2004, ninety days after the Pennsylvania Supreme Court denied allowance of appeal on November 25, 2003. The law in this Circuit is clear, however, that "the ninety day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year limitations period set forth at 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 543 (3d Cir. 2001).

United States Supreme Court). Accordingly, petitioner had one year from this date – until June 19, 2001 – to file a petition for writ of habeas corpus. On May 22, 2001, 337 days[6] into his one year statute of limitations, petitioner filed his first PCRA petition. The statute remained tolled until November 25, 2003, when the Pennsylvania Supreme Court denied his request for allowance of appeal.[7] The statute of limitations resumed running on that date, with approximately 28 days remaining, thereby giving petitioner until December 19, 2003 to file his federal petition. He did not do so, however, until July 15, 2005, over a year and a half too late.

Petitioner's second PCRA petition fails to provide any relief to this legal bar. The petition was explicitly deemed untimely by both the PCRA court and the Pennsylvania Superior Court, meaning that it was not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). See Pace, 125 S. Ct. at 1814. Furthermore, the Superior Court dismissed this second petition on February 28, 2005. Even giving petitioner thirty days to appeal to the Pennsylvania Supreme Court plus the remaining 28 days on his federal statute of limitations, he would have had to file his habeas petition by April 27, 2005 – a deadline he failed to meet.

One avenue of relief remains for petitioner. The statute of limitations in the AEDPA is subject to equitable tolling, which is proper only when the "principles of equity would make [the]

---

[6] Petitioner contends that the statute of limitations only ran for nine months between the time his conviction became final and the time that his first PCRA petition was filed. While we recognize that petitioner mistakenly used July 19, 2002 as the date his conviction became final, we are somewhat puzzled by petitioner's time calculations since there are more than ten months between that date and the date of his PCRA petition.

[7] In his brief, petitioner argues that the federal statute of limitations remained tolled until February 25, 2004, ninety days after the Pennsylvania Supreme Court denied allowance of appeal on November 25, 2003. The law in this Circuit is clear, however, that "the ninety day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year limitations period set forth at 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 543 (3d Cir. 2001).

rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (quotation omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 125 S. Ct. at 1814. Under the first element, "[d]ue diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004), cert. denied, 125 S. Ct. 2261 (2005). Defining the second element, the Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). The Third Circuit has repeatedly cautioned that "courts should be sparing in their use of this doctrine." LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005).

In the case at bar, petitioner invokes the third Jones equitable tolling circumstance. Specifically, he alleges that, on January 28, 2004, he attempted to file a federal habeas corpus petition. Unfortunately, he mistakenly submitted the petition to the Clerk of Quarter Sessions, Prison Liason Unit in Philadelphia County. The following day, he received a memorandum from the Clerk of Quarter Sessions informing him that his petition would be forwarded to the appropriate agency. As it failed to do so, however, the petition was never received by the Clerk of Courts for the Eastern District of Pennsylvania. He now asserts that since he timely filed his habeas corpus

petition, albeit in the wrong forum, he is entitled to equitable tolling. In turn, he claims that this Court should deem his present habeas petition to have been filed as of January 28, 2004, the date he submitted his original petition.

Petitioner's argument falters on several grounds. First and foremost, even assuming *arguendo* that his habeas petition should equitably be deemed filed on January 28, 2004, his federal statute of limitations had already expired. As discussed above, after his first PCRA petition was no longer pending in state court, petitioner had until December 19, 2003 to seek federal relief. Thus, even his January 28, 2004 filing attempt was over a month late. Because petitioner failed to submit any timely federal finding, he is not entitled to equitable tolling under the second Jones condition.

Moreover, even if petitioner were found to have timely filed his petition in the wrong forum – circumstances which would rise to the level of "extraordinary" – petitioner has failed to demonstrate that he exercised reasonable diligence. Indeed, the facts reflect the contrary. He initially sat on his rights for almost a year between the finality of his conviction and the submission of his first PCRA petition. Pace, 125 S. Ct. at 1815 (sitting on rights for extended period of time prior to filing PCRA petition counsels against invocation of equitable tolling); LaCava, 398 F.2d at 277 (although no fault could be attributed to petitioner who waited nine months to file PCRA petition, it is a reasonable factor to consider when reviewing an equitable tolling claim). Then, after the denial of his PCRA petition by all levels of the Pennsylvania courts, petitioner opted not to pursue federal relief, but rather elected to file a clearly untimely PCRA petition.

Subsequently, petitioner filed his purported habeas petition with the Clerk of Quarter Sessions on January 28, 2004. The very next day, petitioner received the following memorandum from the Clerk of Quarter Sessions, Prison Liason Unit:

> The Office of the Clerk of Quarter Sessions is not the official filing agency for motions, petitions or any other document that require court action.
>
> Whenever we do receive this material, our office simply refers such matters to the appropriate agency. When requesting further information on your filing, kindly address your concerns to the proper source. We can be of no further service to you once we have made the referral of your concerns.
>
> We assume absolutely no responsibility for processing your legal documents which are intended for action in the First Judicial District of Pennsylvania.
>
> Your adherence to this process is appreciated.

See Exhibits to Petition for Writ of Habeas Corpus. Attached to this Memorandum was a sheet indicating that the Prison Liason Unit faxed his petition to the Motion Court in Room 206 of the Criminal Justice Center. Notably, however, the Memorandum clearly stated that (1) the Clerk was assuming no responsibility for his documents; (2) the documents were merely to be forwarded, not filed; and (3) the Clerk was forwarding them to the Philadelphia courts, not the federal court. Notwithstanding these obvious red flags and disregarding the highlighted filing address on page four of his habeas submission, petitioner made absolutely no effort to follow up on his habeas petition and ensure that it was properly filed and docketed. Indeed, petitioner waited over fifteen months after the issuance of that memorandum, without valid justification, before even retaining his current counsel to review the status of his petition. He now fails to allege any obstruction that prevented him from making an earlier inquiry to ensure that his petition was properly proceeding through the federal system. Such inaction, particularly in light of his obvious knowledge that he never correctly filed his habeas petition, completely undermines any claim of diligence. See LaCava, 398 F.3d at 277 (allowing twenty-one months to lapse from filing a petition with the Pennsylvania Supreme Court before inquiring as to its status precludes habeas petitioner from obtaining equitable tolling due to alleged failure to receive notice of Pennsylvania Supreme Court's denial of *allocatur*); Carter

9

v. Vaughn, Civ. A. No. 00-3886, 2002 WL 1565229, *3 (E.D. Pa. July 10, 2002) (waiting over a year after filing petition to Pennsylvania Supreme Court before contacting attorney to check status of case precludes operation of equitable tolling for failure to receive notice of decision). "Under long-established principles, petitioner's lack of diligence precludes equity's operation." Pace, 125 S. Ct. at 1815. Thus, the Court declines to exercise its equitable tolling powers and consider petitioner's January 2004 filing to be a timely petition for writ of habeas corpus.

In sum, petitioner's habeas petition was submitted after the expiration of his one-year statute of limitations under the AEDPA. Notwithstanding his emphatic arguments to the contrary, neither statutory tolling nor equitable tolling provide any relief. As such, the Court must recommend dismissal of his petition with prejudice.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this                    day of   *October*, 2005, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED. There is no probable cause to issue a certificate of appealability.

                                          CHARLES B. SMITH
                                          UNITED STATES MAGISTRATE JUDGE