IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN YOUNG,<br>        Petitioner | : | |
| | : | |
| v. | : | No. 05-3697 |
| | : | |
| KENNETH KYLER , et al.,<br>        Respondents | : | |

**MEMORANDUM**

**GREEN, S.J.**                                                                                          **March         , 2006**

      Presently pending is the petition for writ of habeas corpus, the Report and Recommendation (the "Report")  of United States Magistrate Judge Charles B. Smith, and Petitioner's Objections thereto.   Petitioner objects to the Magistrate's conclusion that the petition for writ of habeas corpus relief was untimely filed and must be dismissed.  Petitioner essentially objects to the Report on the following grounds: (1) that he mistakenly filed his petition for habeas corpus relief in the wrong forum; and (2) that the statute of limitations should be equitably tolled on the basis of "extraordinary circumstances" because Petitioner diligently exercised extraordinary efforts to protect his post sentence rights.   Petitioner's Objections will be overruled and the Report will be approved and adopted.

**FACTUAL AND PROCEDURAL BACKGROUND**

      There is no dispute concerning the factual background of this matter.  Therefore the Court will incorporate by reference the Procedural History portion of the Report and will only restate the facts necessary for this Court's determination.  Petitioner was convicted of first degree murder, attempted murder, conspiracy, and possession of an instrument of crime in September 1997.  He appealed the conviction and the Pennsylvania Superior Court affirmed judgment on October 7, 1999.  The Pennsylvania Supreme Court denied his request for allowance of appeal on March 20, 2000.  Petitioner filed his first Post-Conviction Relief Act ("PCRA") petition on May 21, 2001 which the PCRA court denied.  The Pennsylvania Superior Court affirmed that decision on June 19, 2003 and the Pennsylvania Supreme Court denied allowance of appeal on November 25, 2003.

Petitioner filed a second PCRA petition on December 18, 2003. The PCRA court dismissed the second PCRA petition on February 28, 2005. Petitioner claims that he mistakenly forwarded his federal habeas corpus petition to the Clerk of Quarter Sessions for Philadelphia County on January 24, 2004 which was time stamped there on January 28, 2004. Petitioner further claims that the Clerk of Quarter Sessions informed him that his federal habeas corpus petition would be forwarded to the correct agency. Petitioner asserts that the petition was never forwarded to this Court by the Clerk of Quarter Sessions for Philadelphia County. Petitioner subsequently obtained counsel who filed the instant petition in this Court on July 15, 2005.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), became effective on April 26, 1996. It provides applicants with a one-year period of limitation from its effective date, or the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of time to seek such review, within which to file a petition for writ of habeas corpus. Accordingly, applicants convicted prior to April 26, 1996 had until April 26, 1997 to timely file a petition for writ of habeas corpus. See, Miller v. New Jersey State Dep't of Corrections, 145 F.3d 615, 617-18 (3d Cir. 1998). Applicants convicted after AEDPA's effective date have one year after the judgment of conviction becomes final to timely file a petition. Petitioner was convicted in 1997 and the direct review of his conviction became final on June 19, 2000, ninety days after the Pennsylvania Supreme Court denied allocatur. Therefore, Petitioner's one year statute of limitations began to run on June 19, 2000 and expired on June 19, 2001. The one year limitations period, however, must be tolled for the time during which any properly filed PCRA petitions were pending.

Petitioner filed his first PCRA petition on May 22, 2001; at that time 337 days of his one year statute of limitations had already passed. The statute of limitations can only be tolled during the pendency of his first PCRA petition, not during the pendency of his untimely second PCRA petition. Review of his first PCRA petition concluded on November 25, 2003. Petitioner only had 28 days thereafter, or on or before December 19, 2003, within which he could timely file a federal petition for habeas corpus relief. Petitioner did not attempt to file any other petition for collateral

review until January 24, 2004, more than one month after the expiration of the applicable statute of limitations.  Petitioner's counsel now argues that he timely asserted his right, but did so in the wrong forum.  As explained above, this assertion is erroneous.  Petitioner's attempted filing of his federal petition for habeas corpus relief was untimely.  He did not timely assert his rights in the wrong forum.  The attempted filing was more than one month after the limitations period expired.  Moreover, Petitioner argues that AEDPA's statute of limitations should be equitably tolled because of extraordinary circumstances.  However, Petitioner has not set forth any reason for his failure to file a petition for collateral review from June 20, 2000 through May 22, 2001.  Further, as Magistrate Judge Smith correctly noted, Petitioner's second PCRA petition does not provide him with any basis for equitable or tolling relief, because it was dismissed as untimely and cannot be considered a properly filed petition.  For the aforementioned reasons Petitioner's Objections to the Report will be overruled and the Report will be approved and adopted.

       And appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRYAN YOUNG, :
    Petitioner :
     :
    v. : No. 05-3697
     :
KENNETH KYLER , et al., :
    Respondents :

### ORDER

**AND NOW**, this       day of March 2006, after careful and independent consideration of the petition for a writ of habeas corpus and Petitioner's Objections thereto, **IT IS HEREBY ORDERED** that::

1.    Petitioner's Objections are **OVERRULED**;

2.    The Report and Recommendation is **APPROVED** and **ADOPTED**;

3.    The petition for a writ of habeas corpus is **DISMISSED** as time barred; and

4.    A  certificate of appealability is not granted.

BY THE COURT:


s/_____
Clifford Scott Green, S.J.